## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

<table>
<tr><td>CHAMBERS OF<br>THE HONORABLE GINA L. SIMMS<br>UNITED STATES MAGISTRATE JUDGE</td><td></td><td>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770</td></tr>
</table>

March 26, 2026

LETTER TO COUNSEL

  RE: *Heidy C.G. o/b/o A.C.C. v. Commissioner, Social Security*[1]
     Civil No. GLS-24-03687

Dear Counsel:

Pending before this Court are briefs filed by Plaintiff Heidy C.G. and the Social Security Administration. (ECF Nos. 17, 19). Upon review of the filings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

The Court must uphold the decision of the Social Security Administration ("SSA," the "Agency," or the "Commissioner") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial-evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will reverse the Commissioner's decision in part and remand the case back to the SSA for further consideration.

## I. BACKGROUND

Plaintiff Heidy C.G. filed an application for children's supplemental security income on behalf of A.C.C. (the "claimant") on March 13, 2018. (Tr. 87, 348-54). In the application, the Plaintiff alleges that the claimant's disability began on September 29, 2017. (*Id.*). The claim was initially denied on July 23, 2018, and upon reconsideration, denied again on February 5, 2019. (Tr. 87). On April 5, 2019, Plaintiff filed a written request for a hearing, which was granted. (*Id.*). An Administrative Law Judge ("ALJ") held a telephonic hearing on December 11, 2020. (*Id.*). On March 2, 2021, the ALJ found that the claimant was not disabled under section 1614(a)(3)(C) of the Social Security Act. (Tr. 81-103). On August 17, 2022, the Appeals Council granted the Plaintiff's request for review, vacated the ALJ's decision dated March 2, 2021, and remanded the

---

[1] On December 20, 2024, Plaintiff filed her case, on behalf of her minor child, against the Commissioner of Social Security. (ECF No. 1). On May 7, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.

*Heidy C.G. v. Commissioner, Social Security*
Civil No. GLS-24-03687
March 26, 2026
Page 2

case back to the ALJ for further proceedings. (Tr. 104-10).

On March 14, 2024, the ALJ held a telephonic hearing. (Tr. 18). On May 22, 2024, the ALJ again found that the claimant was not disabled under section 1614(a)(3)(C) of the Social Security Act.  (Tr. 12-39).  On October 22, 2024, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated May 22, 2024, became the final and reviewable decision of the SSA.  (Tr. 1-7).  *See* 20 C.F.R. § 422.210(a).

## II.    THE LAW

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual under the age of 18 is deemed to have a disability if he or she has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations." 20 C.F.R. § 416.906. To determine whether a child has a disability, the ALJ engages in the three-step sequential evaluation process set forth in 20 C.F.R. § 416.924. The steps used by the ALJ are as follows: step one, assess whether the child had engaged in substantial gainful activity since the alleged disability onset date (§ 416.924(b)); step two, determine whether a claimant's impairments meet the severity requirements found in the regulations (§ 416.924(c)); step three, if it is determined that the child has a severe impairment, then the ALJ must decide whether the impairment or combination of impairments meets, medically equals, or is functionally equal to an impairment listed in 20 C.F.R. Part 404, Subpart, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.924(d).

If a child's impairment neither meets nor medically equals a listing, then an ALJ, at step three, uses the "whole child" approach. SSR 09-1p, 2009 WL 396031 (Feb. 17, 2009). The "whole child" approach means that an ALJ compares the claimant's daily activities to those of children of the same age who do not have impairments. *Id*. at *2. The ALJ uses the following six domains of functioning to assess the child's capacity to perform or not perform activities: Is the child: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [himself]; and (6) [enjoying good] health and [maintaining] physical well-being." 20 C.F.R. § 416.926a(b)(1). In order for a child's impairment to functionally equal the listings, it must be found that the child has "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(d). A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i).

*Heidy C.G. v. Commissioner, Social Security*
Civil No. GLS-24-03687
March 26, 2026
Page 3

### III.    ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The ALJ first evaluated the claim by following the sequential evaluation process outlined above.  (Tr. 19-32).  At step one, the ALJ found that the claimant, being a school-age child on March 13, 2018, had not engaged in substantial gainful activity since March 13, 2018, the date of application for supplemental security income.  (Tr. 19).  At step two, the ALJ found that the claimant suffered from the following severe impairments: attention deficit hyperactivity disorder ("ADHD"); oppositional defiant disorder; and learning disorder.  (*Id.*).  The ALJ found that these impairments were severe because these impairments cause "more than minimal functional limitations."  (*Id.*).  However, at step three the ALJ also determined that none of the claimant's impairments or combination of impairments met or medically equaled one or more of the Listings.  (Tr. 20-21).  Taking into account the claimant's severe impairments, the ALJ next assessed the claimant's functional limitations.  Despite the claimant's severe impairments, the ALJ determined that the claimant had:

- less than a marked limitation in acquiring and using information;
- a marked limitation in attending and completing tasks;
- less than a marked limitation in interacting and relating with others;
- less than a marked limitation in moving about and manipulating objects;
- no limitation in the ability to care for himself; and
- less than a marked limitation in health and physical well-being.

(Tr. 22).  Thus, the ALJ found that the claimant's impairments or combination of impairments did not functionally equal the Listings.  (Tr. 21-32).  Therefore, the ALJ ultimately determined that the claimant was not disabled, as defined under section 1614(a)(3)(C) of the Social Security Act.  (Tr. 32).

The ALJ found that, upon testing in 2020, the claimant's full scale IQ was 69, "placing him in the extremely low range of overall cognitive functioning."  (Tr. 23).

The ALJ concluded that the claimant "has less than marked limitation in the domain of acquiring and using information."  (Tr. 27).  The ALJ stated that "the record shows that, in 2017 the claimant was unable to maintain grade equivalent standards. He was reported to have a history of speech delay." (*Id.* (citing Tr. 529-52)).  The claimant "was diagnosed with learning difficulty." (*Id.* (citing Tr. 561-74)).  The ALJ further found that, "[o]n speech and language evaluation of September 12, 2018, the claimant presented with mixed receptive/expressive language disorder characterized by difficulty comprehending more complex language and using age-appropriate vocabulary. He was determined ineligible for school-based beach therapy but was found to have learning difficulties and ADHD. While his performance was below average, he was determined to be functional, and his learning difficulties were not thought to be language-based. He struggled to keep up academically due to distractibility." (*Id.* (citing Tr. 612-37)).  The ALJ found that the claimant "continued to receive resource room services in 2019." (*Id.* (citing Tr. 731-81)).  The

*Heidy C.G. v. Commissioner, Social Security*
Civil No. GLS-24-03687
March 26, 2026
Page 4

ALJ noted that, "[a]ccording to the function report by the claimant's mother, the claimant uses glasses; he has no problems hearing; he has no problems speaking clearly; and his ability to progress in learning is limited, but he can spell most 3-4 letter words; add and subtract numbers over 10; and tell time." (*Id.* (citing Tr. 393-402)).  The ALJ also found that, "according to the questionnaire by Ms. Jones, a teacher, dated May 10, 2023, the claimant has mostly slight problems in acquiring and using information. She also notes that he does not complete his schoolwork in a timely manner; often has excuses for not completing school tasks; and receives help from the teacher and teacher's assistant." (*Id.* (citing Tr. 496-503)).  The ALJ finally found that, "according to a mental status exam of February 27, 2024, no problems were identified for appearance, psychomotor activity, mood, thought process, perceptions, or speech." (*Id.* (citing Tr. 1093)).

## IV.    DISCUSSION

On appeal to this Court, Plaintiff advances the following three arguments.  First, that the ALJ erred by determining that the claimant's impairments were not functionally equivalent to a listed impairment.  Second, the ALJ erred in evaluating the claimant's subjective complaints.  Third, the ALJ failed to develop the administrative record properly. (ECF No. 17, pp. 3-12).  The SSA counters that substantial evidence supports (a) the ALJ's finding that the claimant had less than a marked limitation in the domain of acquiring and using information; and (b) the ALJ's assessment of the claimant's statements or symptoms. (ECF No. 19, pp. 7-17).  The SSA also argues that the record was sufficiently developed. (*Id.* at 17-19).

I have carefully reviewed the arguments and the record.  I find that Plaintiff's first argument is persuasive.  Accordingly, I find that remand is appropriate, for the reasons set forth below.

Plaintiff argues that, in determining that the claimant had a less than marked limitation in acquiring and using information, the ALJ failed to evaluate properly pertinent evidence. (ECF No. 17, pp. 4-5, 7).  Plaintiff contends that the ALJ failed to address the claimant's test scores in evaluating his functioning in acquiring and using information and that the ALJ failed to evaluate whether the claimant's day-to-day functioning in domain-related activities was consistent with those scores. (*Id.* at 5).  Plaintiff further argues that the ALJ erroneously relied on the claimant's teacher questionnaire to support his findings, and failed to address the teacher's reporting that, among other things, the claimant was in a self-contained special education classroom; that he was over three grade levels behind in reading, math, and written language; and that he failed all but one of his subjects. (*Id.* at 7; *see* Tr. 496, 505).  Plaintiff finally maintains that the ALJ's reliance on the claimant's mental status examination on February 27, 2024, failed to acknowledge that the examination of the claimant occurred while he was hospitalized for post-traumatic stress disorder and major depressive disorder.  In addition, the claimant's functioning in acquiring and using information was not evaluated during this period. (*Id.* at 7; *see* Tr. 1091-1111).  In response, the SSA argues that the ALJ is not required to specifically refer to every piece of evidence in his decision and that substantial evidence supports the ALJ's decision. (ECF No. 19, pp. 7-14).

The regulations provide: "If [the claimant is] a child of any age (birth to the attainment of age 18), [the SSA] will find that [the child has] a 'marked' limitation when [the child has] a valid

score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and [the child's] day-to-day functioning in domain-related activities is consistent with that score." 20 C.F.R. § 416.926a(e)(2)(iii). Plaintiff points out that upon testing in January 2020 the claimant demonstrated a full scale IQ score two standard deviations or more below the mean, which is sufficient to satisfy the initial criteria for a "marked" limitation. (ECF No. 17, pp. 4-5; *see* Tr. 23, 853, 869-71, 878). Thus, Plaintiff contends that the ALJ's decision must be reversed and remanded because of the ALJ's failure to discuss the claimant's test scores in evaluating his functioning in acquiring and using information. (ECF No. 17, pp. 4-5, 7-8).

The Court agrees. The Commissioner "must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). Even if "legitimate reasons exist for rejecting or discounting certain evidence, the [Commissioner] cannot do so for no reason or for the wrong reason." *Id.* The Court "cannot determine if findings are unsupported by substantial evidence unless the [Commissioner] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). In addition, an ALJ "has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). And an ALJ's "failure to 'build an accurate and logical bridge from the evidence to his conclusion' constitutes reversible error." *Id.* at 868 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)); *see Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (holding that a "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling" and that the "record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence").

Here, the ALJ's failure to address the claimant's test scores in assessing the claimant's functioning in acquiring and using information and to explain the weight given to this evidence warrants remand, as the "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)); *see Tameisha M. ex rel. T.M. v. Berryhill*, 340 F. Supp. 3d 573, 578 (W.D. Va. 2018) (remanding because ALJ failed to build accurate and logical bridge from evidence to ALJ's conclusion that claimant had less than marked limitations in domain of attending and completing tasks); *Owens ex rel. A.O. v. Colvin*, Civ. No. 11-3204, 2014 WL 2882948, at *7 (D. Md. June 24, 2014) (remanding because ALJ failed to explain weight given to evidence of claimant's school records that included claimant's low average or markedly below average performance on testing). On remand, the ALJ should provide a proper analysis that builds "an accurate and logical bridge" between the evidence and the claimant's capacity to perform activities across the six domains of functioning.

Because this case is being remanded on other grounds, this Court does not address Plaintiff's remaining contentions, including her arguments that the ALJ erred in evaluating the claimant's subjective complaints and failed to develop the record properly. (ECF No. 17, pp. 8-

*Heidy C.G. v. Commissioner, Social Security*
Civil No. GLS-24-03687
March 26, 2026
Page 6

12). *See Nancy G. v. Kijakazi,* Civ. No. GLS 20-3440, 2022 WL 363824, at *5 (D. Md. Feb. 4, 2022).

### V.    CONCLUSION

For the reasons set forth above, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion.  I express no opinion as to whether the ALJ's ultimate finding that the claimant is not disabled, and, therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such.  A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge